**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

**DARLENE LEWIS,**

        **Plaintiff,**

**v.**                                                                  **No. 4:06cv19**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        **Defendant.**

## **OPINION & ORDER**

Pro se Plaintiff Darlene Lewis ("Ms. Lewis" or "Plaintiff") brought this action under 42 U.S.C. § 405(g) and 5 U.S.C. § 706 seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her claim for Disability Insurance Benefits ("DIB") under Title XVI of the Social Security Act ("the Act") and Supplementary Security Income ("SSI") under Title XVI of the Act. Both Plaintiff and Defendant have filed Motions for Summary Judgment. Docs. 19, 23.

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated April 27, 2006 (Doc. 13), this matter was referred to United States Magistrate Judge James E. Bradberry for a Report and Recommendation ("R&R"). The Magistrate issued his recommendation on March 19, 2007. Doc. 27. He determined that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled is supported by substantial evidence and is based on a correct

application of relevant law. Id. at 20-34. Magistrate Judge Bradberry recommended the following: (1) that the final decision of the Commissioner be upheld; (2) that Plaintiff's Motion for Summary Judgment be denied; and (3) that Defendant's Motion for Summary Judgment be granted. Id. at 34.. Doc. 27.

Ms. Lewis timely filed an objection to the Magistrate's R&R on May 8, 2007, in which she asserts two (2) claims.[1] Doc. 32. First, Plaintiff objects to the filing date of her application for DIB and SSI, as provided by the Magistrate. Doc. 32 at unnumbered p. 1. Plaintiff's second handwritten objection, in pertinent part, reads as follows:

> I object to page 2 To what happened on the day July 25, 2000 what I wrote down is what happened Mr. Dunlap wasnt there he was inside the Building Mary Johnson statement 3 month late after the accident. page 87 medical Book I was so scared when I could'nt breath I call tonya Jeter they refuse to see me I went to sentara hospital that call I&O 3:00 the next day they set me up for an appt tonya Jetter said they would pay for the test workman comp said they had to . . . .

Id. at unnumbered p. 2-3. The remaining portions of Ms. Lewis's pleading do not appear to be relevant to the instant objections, voicing instead her overall discontent with the Magistrate's recommendation. See id.

Because the Record shows that the ALJ's decision was based on substantial evidence, Plaintiff's Motion is **DENIED**, and summary judgment is **GRANTED** in favor of Defendant. The decision of the Commissioner is therefore **AFFIRMED**.

## I. STANDARD FOR REVIEW

"The court reviews de novo those portions of the R&R to which specific objection is

---

[1] The Court granted Ms. Lewis's Motion for Extension of Time to file her objections by Order dated April 23, 2007. Doc. 31.

made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions." Owens ex rel. Metcalf v. Barnhart, 444 F.Supp.2d 485, 488 (D.S.C. 2006); see 28 U.S.C.A. § 636(b)(1). The Court, therefore, accepts as fact the procedural history and factual background set forth by the Magistrate Judge in his R&R, insofar as they are not objected to by Plaintiff.

To the extent that objections are made, the role of the court in the administrative scheme established by the Social Security Act is a limited one. The court's review is restricted to a determination as to whether there is substantial evidence to support the ALJ's conclusion that plaintiff failed to meet the conditions for entitlement pursuant to the Act. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

In reviewing for substantial evidence, the court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Craig, 76 F.3d at 589. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether the claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." Craig, 76 F.3d at 589. The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401. If substantial evidence exists for the Commissioner's findings, and those findings were reached through application of the correct

legal standard, the conclusion must be affirmed. Craig, 76 F.3d at 589; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). Under Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984), a denial of benefits is not supported by substantial evidence if the ALJ "has not analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits."

## II. ANALYSIS

Ms. Lewis makes two (2) objections to the Magistrate's R&R, both of which are rooted solely in his recounting of the facts and not in his ultimate recommendation. Neither objection, however, challenges whether substantial evidence existed for the ALJ's determination.

First, Ms. Lewis contends that the Magistrate incorrectly noted the date she filed for DIB and SSI. Doc. 32 at unnumbered p. 1. Ms. Lewis is correct. The Court has reviewed the Administrative Record ("Record") de novo and it reflects that Plaintiff twice filed for DIB and SSI; first on September 6, 2001, and again on August 24, 2002. Record at 71, 82. Accordingly, the Court **ADOPTS** the filing date reflected in the Record, and not that contained in the decision of the ALJ or in the recommendation of the Magistrate.

Plaintiff's second objection is not relevant to the decision of the ALJ or the Magistrate; rather, she objects to the manner in which her workers' compensation claim was managed by Newport News Public Schools. See Doc. 32 at unnumbered pp.1-2. The Court has reviewed the letter of Mary E. Johnson, who witnessed Ms. Lewis's accident, as well as that of Tania W. Jeter, Workers' Compensation Claims representative for Newport News Public Schools. Record at 87, 203-04. These letters illuminate the nature of Plaintiff's objection and shows that her argument is in fact irrelevant to the decision of the ALJ, and pertains only to how Ms. Jeter analyzed, and ultimately denied, payment of her claim. See Record at 203-04. The worker's compensation

decision is not before this Court and was not relied upon by the ALJ in making his decision. See Record at 16-24. Accordingly, the Court finds that Ms. Lewis's objection is misplaced as it contests facts not at issue in her disability determination.

Because Plaintiff does not object to any facts or determinations that bear on the validity of the ALJ's decision or that contend his decision was not based on substantial evidence, the Court finds that the ALJ's decision was reasonable in light of the Record and Plaintiff's Motion for Summary Judgment is **DENIED**.

### III. CONCLUSION

For the reasons stated herein, the Court **ADOPTS** the dates of September 6, 2001 and August 24, 2002 as the dates Ms. Lewis filed her first and second applications for DIB and SSI.

After reviewing the full Record, it is clear that the ALJ and Magistrate Judge thoroughly examined the proffered facts, evidence and testimony. The Court thus **FINDS** that substantial evidence supports the ALJ's decision, and **GRANTS** summary judgment to the Defendant. Plaintiff's Motion for Summary Judgment is **DENIED**. The decision of the Commissioner is **AFFIRMED**.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

Plaintiff is advised that he may appeal from this Opinion and Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street,

Richmond, Virginia 23219.

    It is so **ORDERED**.

                                                  /s/
                                *HENRY COKE MORGAN, JR.*
                              SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 10, 2007